UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT A.[1],

        Plaintiff,

v.                                                                  21-CV-2 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

**DECISION AND ORDER**

      Plaintiff Robert A. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 19. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 22, 29. For the reasons below, the Court grants in part and denies in part Plaintiff's motion and denies the Commissioner's cross-motion.

_____

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Supplemental Security Income ("SSI"), filed on March 5, 2019.[2] Tr. 197-202.[3] Plaintiff's application was denied initially, as well as on reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 94-108, 109-14, 129-32. Following the hearing, in which Plaintiff was represented by counsel, ALJ Mary Mattimore issued a decision finding that Plaintiff was not disabled. Tr. 12-33. Plaintiff's request for Appeals Council Review was denied, after which Plaintiff commenced this action. Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means

---

[2] Plaintiff applied for SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs.

[3] The filing at Dkt. 11 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 11 are hereby denoted "Tr. __."

2

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. § 416.972. If the ALJ finds that the claimant is engaged in

substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c); *see Bowen v. Yuckert*, 482 U.S. 137, 142-45 (1987). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(c). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past

relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 416.960(c); *see Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since filing his application on March 5, 2019. Tr. 17. The ALJ also found that Plaintiff suffered from the following severe impairments: bipolar I and II disorder, anxiety, antisocial behavior disorder, chronic low back pain, and mild spondylosis. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17-19.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c) with the following limitations:

> [Plaintiff] can occasionally climb ramps, ladders, stairs, ropes, scaffolds, balance, stoop, kneel, crouch[,] and crawl; can perform a low stress job defined as simple routine work and make simple workplace decisions not at a production rate pace (assembly line pace); can tolerate minimal changes in workplace processes and settings and occasional interaction with supervisors, co-workers[,] and the public but cannot perform tandem or team work.

Tr. 19.

The ALJ found that Plaintiff had no past relevant work. Tr. 27. But she concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy. Tr. 27-28. As such, according to the ALJ, Plaintiff had not been under a disability since his application date of March 5, 2019. Tr. 28-29.

## II. Plaintiff's Argument

Plaintiff makes two arguments for judgment in his favor. *See* Dkt. 19-1, at 14-29. First, he argues that the ALJ improperly substituted her own lay opinion for that of a competent medical professional when considering Plaintiff's mental limitations. *See id.* at 14-23. Second, he claims that the ALJ improperly considered his need for a "structured setting" under Listing 12.04 at step three. *Id.* at 23-29. As set forth below, remand is necessary because the ALJ's explanation for why Plaintiff's mental impairments did not meet the "paragraph C" criteria was insufficient to allow the Court to provide meaningful review.[4]

---

[4] Because the ALJ's explanation of the "paragraph C" criteria was inadequate, the Court declines to address Plaintiff's first argument. *See Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020).

### III.  Analysis

Plaintiff argues that the ALJ erred at step three by improperly considering his need for a "structured setting" when determining whether his mental impairments satisfied the "paragraph C" criteria under Listing 12.04.  *See* Dkt. 8-1, at 23-29.

At step three of the disability determination, the ALJ ascertains whether the claimant's severe, medically determinable impairments meet or medically equal one of the listed impairments.  *See* 20 C.F.R. § 416.920(c).  For an impairment to meet or medically equal a listing, it must satisfy the "paragraph A" criteria and the criteria of either "paragraph B" or "paragraph C."  *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2).  The "paragraph A" criteria are "medical criteria that must be present in [the claimant's] medical evidence" to support a diagnosis.  *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(a).  The "paragraph B" criteria are "areas of mental functioning a person uses in a work setting," and the ALJ must find that the impairment causes an "extreme" limitation in one functional area or "marked" limitations in two functional areas.  *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b).

The "paragraph C" criteria, however, are for "serious and persistent mental disorders," requiring a "medically documented history of the existence of the disorder over a period of at least 2 years, and evidence that satisfies the criteria in both C1 and C2."  *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(c).  Paragraph C1 requires evidence of "[m]edical treatment, mental health therapy,

psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of [the claimant's] disorder." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.04(C)(1). Paragraph C2 requires evidence of "[m]arginal adjustment, that is, [the claimant has] minimal capacity to adapt to changes in [his] environment or to demands that are not already a part of [his] daily life." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.04(C)(2).

Here, the ALJ found that Plaintiff's bipolar and anxiety disorders were severe, medically determinable impairments, thereby meeting the "paragraph A" requirements. *See* Tr. 17; 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. As for the "paragraph B" criteria, the ALJ found that Plaintiff's mental impairments did not cause an "extreme limitation in one functional area or "marked" limitations in two functional areas. *See* Tr. 18. As for the "paragraph C" criteria, the ALJ stated:

> The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. There is no evidence that [Plaintiff's] medical disorder is "serious and persistent;" that is, a medically documented history of the existence of the disorder over a period of at least 2 years, and evidence of both: 1. Medical treatment, mental health therapy, psychosocial supports, or a highly structured setting that is ongoing and that diminishes the symptoms and signs of the mental disorder; and 2. Marginal adjustment, that is, minimal capacity to adapt to changes in the environment or to demands that are not already part of [Plaintiff's] daily life.

Tr. 18-19.

That the ALJ's analysis of the "paragraph C" criteria was conclusory is not, alone, a sufficient reason for remand. *See Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982) ("[I]n spite of the ALJ's failure to explain his rejection of the claimed

8

listed impairments, we were able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence."). Nevertheless, here, the Court is left speculating as to how the ALJ reached her conclusion at step three that Plaintiff's mental impairments did not meet the "paragraph C" criteria. *See Jablonski v. Comm'r of Soc. Sec.*, No. 1:18-CV-00597 EAW, 2019 WL 4439453, at *4 (W.D.N.Y. Sept. 13, 2019) (finding that the Court's ability to perform meaningful review was precluded where the "ALJ did not cite to any record evidence in support of his findings with respect to the paragraph (C) criteria, or provide any explanation, beyond reciting the standard, for how he reached his conclusion.").

Plaintiff has had a diagnosis of bipolar disorder since at least February 2016. *See* Tr. 326 ("[Plaintiff] was inpatient for behavioral health most recently at Niagara Falls Memorial Medical Center 2/3/16-2/8/16 with a dx of Bipolar Episode, Current Episode Mixed, Unspecified."). By the time the ALJ issued her decision on February 20, 2020, there was a "medically documented history of the existence of [Plaintiff's bipolar disorder] over a period of at least 2 years." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.04(C).

Plaintiff argues that the ALJ failed to consider the "effect of [Plaintiff's] institutionalized, structured setting at Community Missions where he still resides." Dkt. 19-1, at 26. The Commissioner seems to concede that Plaintiff met his burden under paragraph C1's ongoing treatment requirement and, instead, argues that

9

Plaintiff failed to show marginal adjustment under paragraph C2. *See* Dkt. 22-1, at 13.

Plaintiff had an extensive history of mental health treatment prior to his discharge from Central New York Psychiatric Center in April of 2018. *See* Tr. 324-29. Shortly after his discharge—on July 2, 2018—Plaintiff was admitted to Niagara Falls Memorial Medical Center for worsening depression and suicidal ideation. Tr. 332. Plaintiff reported to staff that he had lost his job and housing due to a relapse on cocaine. *Id.* Plaintiff was again hospitalized in September 2018. *See* Tr. 340-41. At the time of his second discharge, Plaintiff was taking hydroxyzine, lithium, and risperdone. Tr. 340.

On January 28, 2019, Plaintiff was admitted to Community Missions Niagara Visions, part of the New York State Personalized Recovery Oriented Services program. *See* Tr. 364-65. Plaintiff's admissions diagnoses were bipolar II disorder, generalized anxiety disorder, and cocaine dependence. Tr. 364. Through Community Missions, Plaintiff moved into Canal View, a "Congregate Care Level Two Community Residence . . . funded by Medicaid for 12 individuals with persistent mental health diagnoses." Tr. 429. On January 1, 2020, the program manager at Canal View opined that Plaintiff was "unable to live successfully in an apartment by himself at the present time due to a dependency on staff to assist him with redirection and any other assistance we can provide him when his mental health symptoms are worsening." *Id.* At his hearing before the ALJ, Plaintiff testified that he had lived at Canal View for "about a year" and would continue for

"[p]robably another year," as it was a two-year program, and he was "really just starting to get where [he] needed to be." Tr. 72-73.

The evidence in the record could support a finding that Plaintiff's mental impairments met paragraph C1's ongoing treatment requirement and paragraph C2's marginal adjustment requirement. The ALJ, however, did not provide any explanation as to how she concluded that Plaintiff's mental impairments did not meet the "paragraph C" criteria beyond reciting the standard. The Court concludes that remand is necessary because it cannot say that the ALJ's cursory "paragraph C" analysis was harmless error. *See Jablonski*, 2019 WL 4439453, at *4; *see also Berry*, 675 F.2d at 469 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196-97 (1947); *Nat'l Geographic Soc'y v. Distr. Unemployment Comp. Bd.*, 438 F.2d 154, 159-61 (D.C. Cir. 1970)) ("Cases may arise, however, in which we would be unable to fathom the ALJ's rationale in relation to evidence in the record . . . . In such instances, we would not hesitate to remand the case for further findings or a clearer explanation for the decision."). On remand, the ALJ must provide a more robust analysis as to why Plaintiff's mental impairments failed to meet the "paragraph C" criteria under Listing 12.04.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for judgment on the pleadings (Dkt. 19) and **DENIES** the Commissioner's cross-motion for judgment on the pleadings (Dkt. 22). The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:    March 14, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE